IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 3:23-cv-01109-N |
| NETFLIX, INC., | § § § | |
| *Defendant.* | § § | |

## DEFENDANT NETFLIX, INC.'S OPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

At issue in this case is whether the film *The Hatchet Wielding Hitchhiker,* which briefly displays a social media post containing Plaintiff's photograph, has injured Plaintiff's reputation, invaded his privacy, and misappropriated his image. As shown in Defendants' Motion to Dismiss (Doc. 12) and Plaintiff's Amended Complaint (Doc. 7), the Court's ability to evaluate the content of this 90-minute film and the 8 seconds in which the subject image appears, is central to this action. Netflix intends to file a copy of the film, which is a copyrighted work available only through Netflix's subscription streaming service, with the Court. Netflix seeks to make this filing under seal in order to protect the value of the work and to prevent unauthorized copying, viewing or downloading through the Court's public filing system.

While the public as a general matter has a common law right to inspect court records, "[t]his right is not absolute, and courts have the discretion to seal the records in judicial proceedings. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981)). In determining whether to seal a court record, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *Id.*; *see also Aguirre v. Phillips*, No. SA–03–CA–0038–OG, 2005 WL 3338266, at *5 (W.D. Tex. Sept.30, 2005) (holding Texas Supreme

1

Court's interest in preserving full and frank consideration of petitions for review outweighed public interest in knowing how each justice voted on such petitions). The decision whether to grant leave to file under seal "is one left to the sound discretion of the trial court," *Nixon*, 435 U.S. at 599.

Here, sealing is necessary to ensure that the public does not obtain unfettered or free access to the work, such as through the Court's electronic filing system or PACER, is central to Netflix's interests. This kind of public access to the film greatly increases the risk of unauthorized copying and piracy. Courts recognize that limiting public access is warranted "where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. This is one such case. Further, Rule 26 recognizes a trial court's broad discretion to permit sealing of court documents for, among other things, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Although the film is available to the public, it is not free for public consumption. Those seeking access to *The Hatchet Wielding Hitchhiker*, can and should subscribe to the service through which it streams. This commercial purpose would be undermined if an unrestricted copy were to be publicly filed.

Netflix asks only that this one exhibit be filed under seal and does not seek a categorical sealing of all records or its motion to dismiss in its entirety. Thus, while the Fifth Circuit has instructed courts to undertake a document-by-document and line-by-line balancing of the interests served by sealing, the request is limited to the smallest scope necessary to protect Netflix's interest—the copyrighted work as a whole.

Netflix conferred with counsel for Plaintiff in an effort to secure agreement to file the film under seal. Although Plaintiff alleges that dissemination of the film has caused him great reputational harm, he opposes this relief, ostensibly to allow the "full dispute" to be seen by the public. Plaintiff further contends, among other things,

that "Netflix should not be able to continue to financially benefit from the defamatory film—so your position that its disclosure in this case may cause the Film to lose value is not a negative for my client." Plaintiff concedes that disclosure will harm Netflix, but sees this as a feature, not a bug. This concession illustrates precisely why sealing is appropriate.

The relief sought by Netflix is neither extraordinary nor rare. Other federal courts in Texas have sealed copies of copyrighted films streamed by Netflix when those works are central to resolution of the parties' claims. *See, e.g.*, Order (Doc. 33) (Aug. 17, 2021) in *Atkinson v. Netflix, Inc. et al.*, Case No. 5:21-cv-00079-RWS (E.D. Tex.); Order (Doc. 10) (Mar. 3, 2022) in *Netflix, Inc. v. Babin*, Case No. 9:22-cv-00031-MJT (E.D. Tex.).

These orders were presented to counsel for Plaintiff, who demanded "binding authority" in support of Netflix's motion. Counsel did not find these authorities sufficient to agree to the relief requested, and this matter is therefore submitted for the Court's determination in its sound discretion.

Given the protected nature of the work, Plaintiff's apparent desire to harm Netflix's commercial interests through public dissemination of the film, and the interest of the Court to avoid becoming a vehicle for such an improper purpose, the balance of interests weigh in favor of sealing. Netflix therefore moves for the submission of Exhibit 1 under seal, so that it may be considered with Netflix's motion to dismiss.

Consistent with Federal Rule of Civil Procedure 26(c), Defendants ask that the Court grant them leave to file the materials attached to this motion under seal to prevent their undue dissemination.

Date: June 29, 2023                           Respectfully submitted,

*/s/Joshua J. Bennett*
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Monica Litle Goff
Texas Bar No. 24102101
mgoff@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
Telephone: 214-550-8188
Facsimile: 214-550-8185

**COUNSEL FOR NETFLIX, INC.**

## CERTIFICATE OF CONFERENCE

On June 29, 2023, the undersigned conducted a conference by telephone with counsel for the Plaintiff, Angela Buchanan, during which the parties discussed the relief requested herein and Netflix's interest in protecting the copyrighted work. Counsel for Plaintiff indicated that she did not agree to the sealing of the film. Accordingly, the matter is submitted for the Court's determination.

*/s/Joshua J. Bennett*
Joshua J. Bennett

4