IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § | |
| *Plaintiff*, | § | |
| | § | Case No. 3:23-cv-01109 |
| v. | § | |
| NETFLIX, INC., | § | |
| *Defendant*. | § | |

## DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Hazlewood provides no reason in his response that the film at issue, *The Hatchet Wielding Hitchhiker*, should be made publicly and *freely* available. Hazlewood instead makes the puzzling and self-destructive assertion that he *wants* the public to have liberal access to the film he says defamed and caused him reputational harm.[1] Hazlewood also tries to impose unnecessary requirements on Netflix to have the film sealed, while ignoring the authority Netflix provided in its motion showing sealing the film in the court record is appropriate. Netflix's Motion to Seal should therefore be granted.

Netflix provided a compelling reason to seal the film *The Hatchet Wielding Hitchhiker*: protecting copyrighted content from free (or nearly free) public access that the public must typically have a subscription to access (through Netflix). Despite what Hazlewood implies in his response, Netflix need not quantify the specific amount of economic harm that might occur if the documentary became publicly available or the specific number of people who might obtain such access. It is undisputed that the film is currently viewable only to subscribers, and that making *The Hatchet Wielding Hitchhiker* publicly available would eviscerate the rights that flow from copyrighting such material. These are the kinds of harms Rule 26(c) exists

---

[1] Doc. 14 at 1–3.

1

to prevent. Fed. R. Civ. P. 26(c)(1)(H) (permitting courts to enter orders that specify terms for disclosing information or that require information be revealed "only in a specified way" to prevent undue burden or expense).

Netflix's strong interest in protecting its film is not outweighed by Plaintiff's bewildering desire "to have the public fully review every aspect of the dispute, including the Film,"[2] which Plaintiff claims is defamatory. For starters, if accepted, Plaintiff's consistent invitation to grant the public liberal access to the film will destroy his claims. "The consent of another to the publication of defamatory matters concerning him is a complete defense to his action for defamation." *Rouch v. Cont'l Airlines, Inc.*, 70 S.W.3d 170, 172 (Tex. App.—San Antonio 2001, pet. denied) (internal quotations omitted). While Netflix wouldn't typically interfere in Plaintiff's self-destruction, Netflix does object to the mutually assured destruction Hazlewood seeks (e.g., the destruction of Hazlewood's claims and federally granted rights to exclude others from obtaining copies of the film that aren't expressly authorized). As Hazlewood all but concedes in his response, he is simply trying to use his private action and "private spite" to accomplish an improper and damaging purpose— something courts routinely refuse to do. *Cf. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining how courts have always limited public access to court records to ensure records aren't used to "gratify private spite," "to serve as reservoirs of libelous statements for press consumption," or "as sources of business information that might harm a litigant's competitive standing").

In its motion, Netflix cited two cases in which other federal courts sealed copyrighted materials streamed on Netflix that, as here, were central to the resolution of the parties' claims.[3] And in his response, Plaintiff does nothing to show

---

[2] Doc. 12 at 2.
[3] Doc. 12 at 3

those orders were wrong. In fact, he says nothing about them (despite demanding to see them before making Netflix file an opposed motion).

As in those prior cases, Netflix's motion to lodge sealed copies of the visual materials at issue with the Court is as much for the Court's convenience as Netflix's. The only alternative to sealing the film in the Court's record would be to hold a hearing each time the Court wanted to view the film and compare its scenes to Hazlewood's (hyperbolic) allegations. But that would be a waste of everyone's resources. The Court should therefore grant Netflix's motion and allow Netflix to file copies of the film *The Hatchet Wielding Hitchhiker* under seal.

Date: August 4, 2023                                  Respectfully submitted,

*/s/ Joshua J. Bennett*
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Monica Litle Goff
Texas Bar No. 24102101
mgoff@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
Telephone: 214-550-8188
Facsimile: 214-550-8185

**COUNSEL FOR NETFLIX, INC.**