IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1109-N |
| | § | |
| NETFLIX, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant Netflix, Inc.'s motion for leave to file under seal [12]. Netflix requests leave to file its film, *The Hatchet Wielding Hitchhiker*, under seal because making the film available to the public for free through court records will frustrate the commercial purpose of the film and facilitate violations of Netflix's copyright in the film. The Court grants the motion.

A court may allow a party to file under seal to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). To prevail on a motion to file under seal, the moving party must show that he has interests in nondisclosure that outweigh the public's common law and First Amendment rights to access court documents. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The decision to seal must be "justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Le v. Exeter Finance Corp.*, 990 F.3d 410, 421 (5th Cir. 2021).

ORDER – PAGE 1

Information that is already publicly available cannot be sealed. *June Medical Services, L.L.C. v. Philips*, 22 F.4th 512, 520 (5th Cir. 2022).

It is exactly Netflix's point that *The Hatchet Wielding Hitchhiker* is not already publicly available; while the film can be viewed by subscribers, it is behind a paywall due to Netflix's subscription service model. Def.'s Mot. 2 [12]. In support of its motion, Netflix points to the heightened risk of unauthorized viewing and copying of its intellectual property that is likely to result if its film is made publicly available through court records. *Id*. Netflix argues that its intellectual property rights in *The Hatchet Wielding Hitchhiker* will be violated and the film's commercial purpose will be undermined if the film is not filed under seal. *Id.* Plaintiff Taylor Hazlewood objects to Netflix's efforts to seal the film based on the presumption of public access to judicial documents and his alleged "right to have his full dispute seen by the public and judged by the public." Pl.'s Response 3 [14]. Hazlewood also argues that Netflix has not adequately proven that it will suffer economic harm if the film is not filed under seal. *Id.* at 2. The Court finds that Netflix has adequately shown a risk of economic harm and, on balance, Netflix's intellectual property interests outweigh the interests of the public in having access to the entire film through public record.

While public access to court records is favored, the right to access may be overcome in certain situations. *Nixon v. Warner Comm's, Inc.* 435 U.S. 589, 598–99 (1978). To decide whether something should be sealed, the court must undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Medical Services,* 22 F.4th at 521 (internal

ORDER – PAGE 2

citations omitted). In this case, there is only one "document" to consider. Netflix has requested only that the film itself be sealed. Thus, the public's right to access will be limited only minimally, and the extent of the sealing will be "congruent to the need" demonstrated by Netflix. *See Le*, 990 F.3d at 420. The primary purposes of the right to public access—namely "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system"—will be preserved. *See BP Expl. & Prod., Inc. v. Claimant ID 100246928,* 920 F.3d 209, 210 (5th Cir. 2019). The Court holds that, in this case, protection of Netflix's intellectual property rights is a compelling countervailing interest and provides good cause to grant the motion to seal. Accordingly, the Court grants Netflix's motion for leave to file under seal.

Signed October 3, 2023.

David C. Godbey
Chief United States District Judge