IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1109-N |
| | § | |
| NETFLIX, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Netflix, Inc.'s motion to dismiss Plaintiff Taylor Hazlewood's amended complaint [7]. Because Hazlewood has adequately pled his defamation and invasion of privacy claims but not his misappropriation of likeness claim under Rule 12(b)(6), the Court grants in part and denies in part the motion. The Court grants Hazlewood leave to amend his complaint.

### I. ORIGINS OF THE MOTION

This case arises from the use of a photograph of Plaintiff Taylor Hazlewood in the film *The Hatchet Wielding Hitchhiker* ("the Film"), published by Defendant Netflix, Inc. in early 2023. Pl.'s Am. Complaint ¶ 1 [7]. The Film is a true crime documentary about Caleb McGillvary, a hitchhiker who achieved viral media attention after rescuing a woman from an attack but was later convicted of the murder of a man named Joseph Galfy. *Id.* at ¶ 2, ¶ 13. The Film includes the use of a photograph of Hazlewood holding a hatchet. *Id.* at ¶ 14. Hazlewood alleges that the photograph was taken from his personal Instagram page without his knowledge or permission. *Id.* at ¶ 12, ¶ 22. Hazlewood also alleges that

MEMORANDUM OPINION AND ORDER – PAGE 1

the photograph is unrelated to McGillvary and is used out of context in the Film. *Id.* at ¶ 12, 17. Hazlewood initiated the present suit, arguing that the use of his photograph is defamatory because of the "sinister" context in which it is displayed, that Netflix invaded his privacy by using his picture, and that Netflix has exploited his image for commercial gain. *Id.* at ¶ 1, ¶ 22. Netflix then filed this motion to dismiss for failure to state a claim under Rule 12(b)(6), arguing that the Film's use of Hazlewood's photo is not defamatory, and that Hazlewood has not raised any plausible claim for relief. Def.'s Mot. to Dismiss 5 [13].

## II. LEGAL STANDARD UNDER RULE 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than

MEMORANDUM OPINION AND ORDER – PAGE 2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT DENIES THE MOTION TO DISMISS HAZLEWOOD'S DEFAMATION AND INVASION OF PRIVACY CLAIMS

Upon reviewing the facts pleaded in Hazlewood's complaint and the contents of the Film incorporated by reference in the complaint, the Court finds that Hazlewood has provided sufficient facts to raise plausible claims of defamation and invasion of privacy. Accordingly, the Court denies Netflix's motion to dismiss as to these two claims.

#### A. *Hazlewood Has Adequately Pleaded His Defamation Claim*

Hazlewood has met his burden to make out a plausible claim of defamation. Under Texas law, a defamation claim requires proof of the following elements: (1) the defendant published a false statement; (2) that statement defamed the plaintiff; (3) the defendant published the statement with the requisite degree of fault regarding the truth of the statement, and (4) damages, unless the statement constitutes defamation per se. *D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017). Hazlewood has adequately alleged facts for each element.

Hazlewood alleged that Netflix published a film including his image. Pl.'s Am. Compl. ¶ 13. The image was accompanied by audio and text stating "Is this a guardian angel or a stone-cold killer?" and "You can never trust anyone." *Id.* at ¶ 2, 15. Hazlewood

alleged that the use of his image in this context paints him in a "sinister and defamatory light" and implies a connection between Hazlewood and McGillvary that does not exist. *Id.* at ¶ 1-3. Hazlewood included in his complaint a sample of messages from individuals expressing concern and confusion over his involvement in the Film and his connection to the incident involving McGillvary. *Id.* at ¶ 17. This includes an instance in which a friend's mother believed, based on Hazlewood's appearance in the film, that he was connected to McGillvary or was himself a murderer. *Id.* at ¶ 17. Whether a statement is defamatory is determined "in light of surrounding circumstances, based upon how a person of ordinary intelligence would perceive the entire statement." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 154 (Tex. 2004). Hazlewood's allegations are accompanied by adequate facts that, if taken as true, would meet this standard. Hazlewood's complaint included allegations that, if believed, show that the use of Hazlewood's picture and the associated text caused individuals to believe he is himself, or is associated with, a criminal. This is sufficient to meet the pleading requirements of the first two elements of defamation.

Hazlewood's complaint also alleged that Netflix "exercised no due diligence procedures" regarding the context of the photograph and did not ask his permission to use the photograph. Pl.'s Am. Compl. ¶ 14, 2. This allegation goes to whether Netflix acted with the requisite degree of fault for a defamation claim. If the plaintiff is a private individual, the degree of fault that must be shown is mere negligence. *D. Mag.*, 529 S.W.3d at 434. The allegation that Netflix failed to determine the context and ownership of the photograph before using it is sufficient to establish a plausible claim that Netflix was

negligent with regard to the use of the photograph and the truth of the statement associated with it in the film.

Finally, to raise a plausible defamation claim Hazlewood needed to either plead facts adequate to show plausibly that he has suffered damages or that the statement was defamatory per se. Under Texas law, a statement is defamatory per se if it "tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 638 (Tex. 2018) (citing TEX. CIV. PRAC. & REM. CODE § 73.001). A statement is defamatory per se when it is "so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed." *In re Lipsky*, 460 S.W.3d 579, 596 (Tex. 2015). For example, "[a]ccusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct" constitutes defamation per se. *Id.* Here, Hazlewood argues that the audio and text used with his photograph is "a clear statement that Hazlewood is a murderer and/or is associated with a murderer." Pl.'s Response 9. Hazlewood's description of the mood and tone of the scene in which his photograph is used and examples of reactions to his appearance in the film are sufficient to give rise to a plausible claim that the Film accuses him of a crime. Hazlewood has therefore made a plausible defamation per se claim.

Hazlewood has also pleaded specific damages, such as mental anguish and reputational harm. Pl.'s Am. Compl. ¶ 20-21. A statement is defamatory per quod when it is not defamatory on its face and requires reference to extrinsic circumstances or innuendo to be understood as defamatory. *Dallas Morning* News, 554 S.W.3d at 626-26.

MEMORANDUM OPINION AND ORDER – PAGE 5

Defamation per quod requires a pleading of special damages, *Fiber Systems Intern., Inc. v. Roehrs*, 470 F.3d 1150, 1161 n.8 (5th Cir. 2006), but like any element these damages need only to be plausible, not proven, at this stage. Hazlewood has made sufficient claims that he has suffered special damages.

The complaint adequately pleads facts as to each element of a defamation claim. Accordingly, the Court denies Netflix's motion to dismiss Hazlewood's defamation claim.

### B.  Hazlewood Has Adequately Pleaded His Invasion of Privacy Claim

Hazlewood has met his burden to make out a plausible claim of invasion of privacy. Under Texas law, the elements of a cause of action for invasion of privacy by intrusion on seclusion are (1) the defendant intentionally intruded on the plaintiff's solitude, seclusion, or private affairs; and (2) the intrusion would be highly offensive to a reasonable person. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex.1993). Hazlewood has adequately alleged facts for each element.

Texas courts have generally found that the intrusion element is only met where there is "physical invasion of a person's property" or "eavesdropping on another's conversation with the aid of wiretaps, microphones or spying." *See Gill v. Snow*, 644 S.W.2d 222, 224 (Tex. App. — Fort Worth 1982, no writ). However, this is not a strict requirement. *See Valenzuela*, 853 S.W.2d at 513 (describing the first element as "an intentional intrusion, *physically or otherwise*") (emphasis added). A claim of intrusion on seclusion can be sustained without a showing of physical intrusion. *Walters v. BCBS*, 2022 WL 902735 at *4 (N.D. Tex. 2022). For instance, Texas courts have found intrusion when the plaintiff had photographs or videos taken without his or her consent. *Id.*; *see also Clayton v.*

MEMORANDUM OPINION AND ORDER – PAGE 6

*Richards*, 47 S.W.3d 149, 156 (Tex. App. — Texarkana 2001, pet. denied). Hazlewood has accused Netflix of taking his photograph from his private Instagram page without his consent. Pl.'s Am. Compl. ¶ 2. This is sufficient to make a plausible claim of intrusion. While Netflix alleges that the photo was publicly available, Hazlewood's contention is that this photograph was private. At this stage of the litigation, the Court must take Hazlewood's allegations as true. Looking at these facts in the light most favorable to Hazlewood, Hazlewood has sufficiently pleaded an act that can constitute an "intrusion."

Hazlewood's complaint also contains allegations that Netflix's behavior was outrageous. Hazlewood provided a sample of quotations from individuals on the internet commenting on the case. Pl.'s Am. Compl. ¶ 27. Hazlewood also included similar comments from individuals with whom he has a personal relationship. *Id.* at ¶ 17. Many of these comments indicate shock and outrage. These comments indicate that these individuals, both known and unknown to Hazlewood, find Netflix's conduct outrageous. Hazlewood's allegations and supporting facts sufficiently make out a plausible claim that Netflix's conduct is outrageous to a reasonable person. The complaint adequately pleads facts as to each element of an intrusion on seclusion claim. Accordingly, the Court denies Netflix's motion to dismiss Hazlewood's invasion of privacy claim.

### IV. THE COURT GRANTS THE MOTION TO DISMISS HAZLEWOOD'S MISAPPROPRIATION OF LIKENESS CLAIM

#### A. Hazlewood Has Not Adequately Pleaded His Misappropriation of Likeness Claim

Hazlewood has not met his burden to make out a plausible claim of misappropriation of likeness. Under Texas law, the elements of a cause of action for misappropriation of

likeness are (1) that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (2) that the plaintiff can be identified from the publication; and (3) that there was some advantage or benefit to the defendant. *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994). Hazlewood has not adequately pleaded facts for the first element because he has failed to adequately plead facts showing that his likeness has value associated with it.

The value of one's likeness is misappropriated when it is published for purposes such as "taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity . . . It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded." *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 652C, cmt. c (Am. Law. Inst. 1977)). The cause of action for misappropriation of likeness is intended to protect "the value of an individual's notoriety or skill." *Id.* Therefore, there must be "something unique" about the plaintiff's likeness or "the tortfeasor must cash in on the goodwill associated with" the plaintiff's likeness. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007).

Hazlewood conceded in his complaint that he is neither a public figure nor a social media influencer. Pl.'s Am. Complaint ¶ 10. Value in his likeness therefore cannot be presumed. Hazlewood did not plead additional facts showing any specific value such as reputation, prestige, notoriety, or skill associated with his likeness and therefore has not made out a plausible claim of misappropriation. *See Cardiovascular Provider Resources Inc. v. Gottlich*, 2015 WL 4914725 at *3 (Tex. App. — Dallas 2015, pet. denied) (finding

MEMORANDUM OPINION AND ORDER – PAGE 8

that plaintiff failed to make out a misappropriation claim under the restrictive Texas definition because he could not show that the use of his name was intended to derive a benefit from his reputation, prestige, notoriety, or skill).  Hazlewood has not pleaded adequate facts to support the element of the claim requiring appropriation of likeness for the value associated with it.  Accordingly, the Court dismisses Hazlewood's misappropriation of likeness claim.

## Conclusion

Because Hazlewood has sufficiently raised two claims upon which relief can be granted, the Court denies Netflix's motion to dismiss as to those claims.  However, Netflix has shown that Hazlewood has not adequately pleaded facts to make out a misappropriation of likeness claim.  The Court grants Netflix's motion to dismiss Hazlewood misappropriation of likeness claim and grants Hazlewood leave to replead within twenty-eight (28) days of this Order.

Signed October 11, 2023.

_____
David C. Godbey
Chief United States District Judge