IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § § § | |
| *Plaintiff,* | § § | Case No. 3:23-cv-01109 |
| v. | § § § | |
| NETFLIX, INC., | § § | |
| *Defendant.* | § | |

## NETFLIX ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Netflix, Inc. ("Netflix") files its Answer and Affirmative Defenses ("Answer") to Plaintiff Taylor Hazlewood's Second Amended Complaint ("Complaint") as follows:

## SUMMARY OF THE ACTION

1. Netflix admits that it promoted and published the documentary "The Hatchet Wielding Hitchhiker" (the "Film") in early 2023 but denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Netflix admits that photographs of Hazlewood appear in the Film and that Caleb Lawrence McGillvary was a hitchhiker made infamous because of the murder of Joseph Galfy, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Netflix denies the allegations contained in paragraph 3 of the Complaint.

4. Netflix denies the allegations contained in paragraph 4 of the Complaint.

## DISCOVERY CONTROL PLAN

5. Netflix denies that Hazlewood intends to conduct discovery under Level 3 as provided in Texas Rule of Civil Procedure 190.1 in federal court and thus denies the allegations of paragraph 5 of the Complaint.

## CLAIM FOR RELIEF

6. Netflix denies that Plaintiff is entitled any monetary relief as alleged in paragraph 6 of the Complaint.

## JURISDICTION

7. Netflix admits the allegations of paragraph 7 of the Complaint.

8. Netflix admits that it is a Delaware corporation with its principal place of business in California. Netflix denies the remaining allegations of paragraph 8 of the Complaint.

9. Netflix admits that the amount in controversy is within the Court's jurisdictional minimum but denies the remaining allegations in paragraph 9 of the Complaint.

## FACTS

10. Netflix is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Netflix is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Netflix is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Netflix admits the allegations in paragraph 13 of the Complaint.

14. Netflix denies the allegations in paragraph 14 of the Complaint.

15. Netflix admits that the phrase "is this a guardian angel or a stone-cold killer" is used in the film but denies the remaining allegations in paragraph 15 of the Complaint.

16. Netflix is without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore they are denied.

17. Netflix is without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. Netflix is without sufficient information to admit or deny the allegations in paragraph 18 of the Complaint.

19. Netflix denies the allegations in paragraph 19 of the Complaint.

20. Netflix denies the allegations in paragraph 20 of the Complaint.

21. Netflix is without sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore they are denied.

22. Netflix denies the allegations in paragraph 22 of the Complaint.

## COUNT I

### Defamation Per Se and Per Quod

23. Netflix re-alleges and incorporates all previous admissions and denials as set forth in paragraphs 1–22.

24. Netflix denies that Hazelwood has correctly stated what he must plausibly allege to state a claim under Count I as alleged in paragraph 24.

25. Netflix denies the allegations in paragraph 25 of the Complaint.

26. Netflix denies the allegations in paragraph 26 of the Complaint.

27. Netflix denies, or lacks information sufficient to admit or deny, the allegations in paragraph 27 of the Complaint.

28. Netflix denies the allegations in paragraph 28 of the Complaint.

## COUNT II

### Invasion of Privacy by Intrusion on Seclusion

29. Netflix denies the allegations in paragraph 29 of the Complaint.

30. Netflix denies the allegations in paragraph 30 of the Complaint.

31. Netflix denies the allegations in paragraph 31 of the Complaint.

32. Netflix denies the allegations in paragraph 32 of the Complaint.

33. Netflix denies the allegations in paragraph 33 of the Complaint.

## CONDITIONS PRECEDENT

34. Netflix lacks sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint.

## DEMAND FOR JURY TRIAL

35. Netflix admits that Hazelwood has demanded trial by jury and likewise demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

36. Netflix denies that Plaintiff is entitled to any of the relief requested in the Prayer of the Complaint. Plaintiff's request should therefore be denied in its entirety with prejudice, and Plaintiff should take nothing.

## AFFIRMATIVE DEFENSES

37. Plaintiff's claims as alleged in his petition fail to state a claim upon which relief can be granted.

38. Plaintiff filed his suit in an improper venue because the events giving rise to the lawsuit did not occur in Texas and the suit's only connection to Texas is Plaintiff's counsel. The case should therefore be transferred under 28 U.S.C. § 1404.

39. Plaintiff's claims are barred in whole or in part under the conflict of laws. Because Texas has no real connection to the claims that other forums may (such as California), Netflix is entitled to rely on those laws in this action.

40. Plaintiff's claims are barred in whole or in part because the photograph was used and thus published with permission of the rights holder.

41. Plaintiff's claim for invasion of privacy is barred by the doctrine of consent.

42. Plaintiff's claims are barred in whole or in part by the Plaintiff's own fault, such as his courting media attention in connection with the Film.

43. Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution. Because the events depicted in the Film are a matter of public concern, and, on information and belief, Plaintiff is a public figure (whether all-purpose or limited), Netflix cannot be held liable for defamation without violating the First Amendment.

44. Plaintiff's claim for invasion of privacy is barred because the events depicted in the Film are newsworthy because it relates to matters regarded as news and about which the public can be reasonably expected to have a legitimate interest.

45. Plaintiff's claim for a presumption of general damages is barred by the First Amendment because Netflix is a media defendant, which requires Plaintiff to produce proof of general damages.

46. Plaintiff's claim for damages is barred in whole or in part because Plaintiff relayed the statements he alleges as defamatory to others and thus "self-published."

47. Any claims for punitive or exemplary damages are barred by the First Amendment or are restricted only to those that may be awarded consistent with the Fourteenth Amendment's due process clause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Netflix requests that all claims against it be dismissed, that Plaintiff take nothing on its claims against Netflix, and that the Court award Netflix its reasonable attorneys' fees and any other relief, both in law and at equity, to which it may show itself justly entitled.

Date: <u>November 21, 2023</u>   Respectfully submitted,

*/s/Joshua J. Bennett*
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Monica Litle Goff
Texas Bar No. 24102101
mgoff@carterarnett.com
**CARTER ARNETT PLLC**
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
Telephone: 214-550-8188
Facsimile: 214-550-8185

**COUNSEL FOR NETFLIX, INC.**

## CERTIFICATE OF SERVICE

This to certify that on November 21, 2023, a true and correct copy of the foregoing has been served upon counsel via an approved State of Texas e-Filing Service.

*/s/ Joshua J. Bennett*
Joshua J. Bennett
