IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01109-N |
| | § | |
| NETFLIX, INC., | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE TO CALEB L. MCGILLVARY'S MOTION TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Plaintiff Taylor Hazlewood ("Plaintiff") asks that the Court deny Intervenor Caleb L. McGillvary's ("Intervenor") Motion to Intervene as Plaintiff-Intervenor, because Intervenor does not have a right to intervene either permissively or as a matter of right. In support thereof, Plaintiff respectfully shows as follows:

## I.      INTRODUCTION

1.      Plaintiff is Taylor Hazlewood; Defendant is Netflix, Inc. ("Defendant"); and Intervenor is Caleb L. McGillvary.

2.      Plaintiff sued Defendant for defamation and misappropriation of likeness or right of publicity based on the misuse of Plaintiff's photograph in the documentary "The Hatchet Wielding Hitchhiker" (the "Film") promoted and published by Defendant. Plaintiff filed this lawsuit on April 10, 2023. Intervenor filed his Motion to Intervene on February 20, 2024.

## II.      ARGUMENT

**A.      Intervenor's Motion Is Untimely.**

3.      To intervene either permissively or as a matter of right, an intervenor must timely file his motion. *See* FED. R. CIV. P. 24; *NAACP v. New York*, 413 U.S. 345, 365 (1973). While

there is no bright-line rule as to how quickly an applicant must move to intervene, courts may consider the following factors to determine timeliness: (1) the length of time during which the intervenor actually knew or reasonably should have known of his interest in the case; (2) the extent of prejudice to the existing parties to the litigation; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977).

4.      In considering the aforementioned factors, the Court will see that Intervenor's Motion is not timely. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279-80 142 S. Ct. 1002, 1012 (2022); *NAACP v. New York*, 413 U.S. 345, 365 (1973). First, this lawsuit has been pending for nearly a year and has already progressed well into discovery, with written disclosures having been exchanged and depositions already having been taken. *See In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 901–02 (6th Cir. 2022); *Chamness v. Bowen*, 722 F.3d 1110, 1121–22 (9th Cir. 2013). Additionally, Defendant's Motion to Dismiss has already been briefed, argued, and ruled upon, which courts have specifically considered in determining the timeliness of a motion to intervene. *See, e.g., Alt v. U.S. E.P.A.*, 758 F.3d 588 (4th Cir. 2014) (Intervenor's Motion filed a year after the case was initially filed was deemed untimely because proceedings had already reached a relatively advanced stage, with a Motion to Dismiss having been briefed, argued, and denied, among other activities in the case.). Should Intervenor be permitted to join this lawsuit, significant discovery will need to be duplicated, further delaying the instant proceedings. Because of the passing of this time and the prejudice to the existing litigants, the Court should find Intervenor's Motion to be untimely.

5.      Intervenor's Motion is further untimely, as Intervenor did not use due diligence to timely discover the existence of the instant lawsuit. Intervenor alleges that he did not learn of the

instant proceedings until the Court's October 11, 2023 opinion and order on Defendant's 12(b)(6) Motion to Dismiss, but this decision was issued six months after Plaintiff's petition was initially filed. Even taking as true Intervenor's allegations that "the prison only updates [the Lexis CD Client] every quarter," Intervenor could have learned of this lawsuit through any of the prior pleadings, not delaying six months until this Court ruled on a dispositive motion. *See* Intervenor's Declaration in Support of Motion to Intervene, ¶ 2.

6.     Intervenor had access to legal resources and records in this time period, as demonstrate by his significant participation in a lawsuit that he filed in California Central District Court.[1] From the date that this lawsuit was filed through the date that this Response is filed, Intervenor filed documents representing sixty-two separate docket entries. Accordingly, his argument that he was unable to access legal resources and records from prison is unfounded and Intervenor should have reasonably known of his interest in this case at an earlier date. Because of this delay, Intervenor's Motion to Intervene should be denied as untimely.

7.     Even if the Court believes that Intervenor's Motion was timely, Intervenor cannot be permitted to intervene either as a matter of right, or permissively, as outlined in further detail herein.

**B.     Intervenor Does Not Have a Right to Intervene.**

8.     To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," FED. R. CIV. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the

---

[1] This lawsuit is referenced in Intervenor's Motion as *Caleb L. McGillvary v. Netflix, Inc., et al.*, No. 2:23-cv-01195-JLS-SK (C.D. Cal. 2023). In this lawsuit, Intervenor brought racketeering charges against thirty-four different defendants in the Central District Court of California. A copy of the docket in this case is attached hereto as Exhibit A for reference and is up to date as of March 6, 2024.

action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). Intervenor does not cite a federal statute that would grant him the right to intervene, so he must establish all four elements outlined in Federal Rule of Civil Procedure Rule 24(a)(2).  *See generally* Intervenor's Mot. Intervene, Compl. Intervention, & Dec. Sup. of Mot. Intervene, ECF No. 27.

9.      First, as previously established in Section II.A, Intervenor's application is untimely. However, even if the Court finds that his application is timely, Intervenor fails to satisfy the other three requirements of Rule 24(a)(2).

10.      Intervenor does not have the right to intervene in this suit under Federal Rule of Civil Procedure 24(a)(2) because he does not have a direct, substantial, and legally protectable interest in the subject matter of the suit. *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008–09 (8th Cir. 2007); *see Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002); *In re Troutman Enters., Inc.*, 286 F.3d 359, 363 (6th Cir. 2002). Intervenor claims that his legally protectable interest is the lawsuit that he first filed "concerning the same transactions involved in this suit… and disposition of the suit could have preclusive effect on the first-in-time action." *See* Intervenor's Motion to Intervene, ¶ 2.[2]

11.      Intervenor's reliance of the first-filed rule is misplaced, because Intervenor's California Case is based on wholly different issues and is not a parallel to or competing with the instant matter. *See, e.g. Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71 (11th Cir. 2013).

---

[2] The lawsuit referenced in Intervenor's Motion is *Caleb L. McGillvary v. Netflix, Inc., et al.*, No. 2:23-cv-01195-JLS-SK (C.D. Cal. 2023). In this lawsuit, Intervenor brought racketeering charges against thirty-four different defendants in the Central District Court of California.

> A first-filed analysis, which determines which court may decide the merits of substantially similar cases in separate courts, looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit.

*Id.* Here, Defendant Netflix is the only party in common between the two lawsuits, despite Intervenor naming thirty-four different defendants. Further, Intervenor's reliance on the "First-Filed" rule is procedurally improper.

12.     Setting aside Intervenor's first-filed argument, the subject of this action is Plaintiff Taylor Hazlewood's reputation, not that of Intervenor, and Intervenor has no legally protectable interest in Plaintiff's reputation. *See generally* Plaintiff's Original Petition. Further, Intervenor's interest would not be impaired by the outcome of this case. Plaintiff alleges that Defendant has defamed him and misused a photograph of him in the Film that Defendant promoted and published. Whether Defendant defamed Plaintiff or misused the photograph of Plaintiff in the Film will not be preclusive to Intervenor's RICO claims against the thirty-three other defendants in his California case. Because Intervenor additionally fails to satisfy this element, his motion should be denied.

13.     If the Court finds that any of these elements are not met, Intervenor's Motion must be denied. FED. R. CIV. P. 24; *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

**C.     The Court Should Not Grant Intervenor Permissive Intervention.**

14.     Intervenor cannot intervene as a matter of right, and the Court should additionally deny Intervenor the right to intervene because (1) Intervenor's application is untimely; (2) Intervenor's claim does not have common questions of law or fact with the instant lawsuit; and (3) this intervention would prejudice the parties presently involved in this lawsuit.

15.     As previously established in Section II.A, Intervenor's application is untimely. Further, the Court should deny Intervenor's motion because contrary to intervenor's allegations, Intervenor's claim and this suit do not have a common question of law or fact. FED. R. CIV. P. 24(b)(1)(B). Plaintiff alleges that Defendant has defamed him and misused a photograph of him in the Film promoted and published by Defendant. While Intervenor's claim is based on the Film, his allegations are wholly different from those of Plaintiff. In his Complaint in intervention, Intervenor claims that the Film as a whole is defamatory, while Plaintiff's allegations are limited to the Film's use of his photograph and likeness. The Court's decision regarding Defendant's misuse of Plaintiff's photograph will have no bearing on whether the Film as a whole is defamatory to Intervenor. Because there is no common question or law or fact, nor has one been proposed by Intervenor, the Court should not permit the Intervenor to intervene in this lawsuit.

16.     Further, the granting of intervenor's motion will result in undue delay because significant discovery, including corporate representative depositions, will need to be repeated. FED. R. CIV. P. 24(b)(3); *Blount-Hill v. Zelman*, 636 F.3d 278, 286–87 (6th Cir. 2011); *see United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002). This delay and the confusion of adding an unrelated party with unrelated claims to this lawsuit will prejudice the parties. FED. R. CIV. P. 24(b)(3); *see United States v. City of L.A.*, 288 F.3d at 403. Permitting Intervenor to join this lawsuit would add a significant number of issues that are wholly unrelated to the parties involved in this lawsuit and may be properly addressed in a different venue. Accordingly, Intervenor should not be permitted to intervene in this lawsuit and his Motion should be denied.

### III.   <u>CONCLUSION</u>

17.     Because Intervenor has untimely filed his Motion to Intervene; he is not statutorily granted the right to intervene; he does not have a direct, substantial, and legally protectable interest

in the subject matter of the suit; he does not have common questions of law or fact with the instant lawsuit; and this intervention would prejudice the parties presently involved in this lawsuit, Intervenor's Motion must be denied.

18.     Intervenor does not have a right to intervene either permissively or as a matter of right. For these reasons, Plaintiff asks that the Court deny Intervenor's Motion to Intervene as a Party-Plaintiff.

Respectfully submitted,

*/s/ Angela M. Buchanan*
Angela M. Buchanan
Texas Bar No. 24059213
PHILLIPS MURRAH P.C.
3710 Rawlins Street, Suite 900
Dallas, Texas 75219
Telephone: 469-485-7341
Facsimile: 214-434-1370
*ambuchanan@phillipsmurrah.com*

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record on this 6th day of March, 2024.

*/s/ Angela M. Buchanan*
Angela M. Buchanan