## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| TAYLOR HAZLEWOOD, § § § *Plaintiff*, § § v. § Case No. 3:23-cv-01109 § NETFLIX, INC., § § *Defendant*. § | |

**DEFENDANT NETFLIX, INC.'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

Netflix agrees with Hazlewood that intervention should be denied. Caleb L. McGillvary does not have a statutory or otherwise unconditional right of intervention. And while McGillvary and Hazlewood appear in the same film (*The Hatchet Wielding Hitchhiker*) that doesn't give McGillvary an interest in Hazlewood's lawsuit. No questions of law or fact are shared between this case and McGillvary's (which has nothing to do with Hazlewood). McGillvary therefore has no right to intervene and shouldn't be permitted to intervene under Federal Rule of Civil Procedure 24.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

Netflix began streaming the documentary *The Hatchet Wielding Hitchhiker* ("the Film") in January 2023, which chronicles McGillvary's rise to fame in California and his fall from grace in New Jersey. Shortly after the Film's premiere, Taylor Hazlewood sued Netflix, alleging that the use of his photo in the Film invaded his privacy and defamed him. Dkt. No. 25.

Nearly a year later, McGillvary moved to intervene in Hazlewood's suit. In his proposed "Complaint in Intervention," McGillvary alleges defamation (Count I) and intentional infliction of emotional distress (Count II). Doc. 27. McGillvary's claims against Netflix have no bearing on Hazlewood's.

Count I, for example, doesn't concern Hazlewood at all. There McGillvary alleges the Film's use of the statement "stone cold killer" defamed *him*, not Hazlewood. Moreover, unlike Hazlewood, McGillvary argues that the quote from the film about his being a "stone cold killer" is "provably false" and implies that he is "culpable [sic] of being a 'stone cold killer.'" Doc. 27 at 3. Hazlewood's lawsuit assumes that statement about McGillvary is true. *See* Doc. 25 at 4–5. But nothing within McGillvary's claims hinges on the outcome of Hazlewood's allegations. So too with McGillvary's Count II, which mostly rehashes Count I's defamation allegations. Doc. 27 at 7–8. In short, nothing within McGillvary's proposed intervention complaint bears on Hazlewood's.

## ARGUMENT AND AUTHORITIES

Rule 24 provides two forms of intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a)–(b). Here, neither form of intervention is warranted or appropriate.

### I.   McGillvary Has No Right to Intervene in Hazlewood's Suit.

To intervene as of right, an applicant-intervenor must show: (1) timeliness of the filing; (2) an interest relating to the property or transaction which is the subject of the action; (3) an impairment or impediment to their protected interest; and (4) inadequate representation of the interest by parties to the suit. *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 542–43 (5th Cir. 2022). Failure to prove any one requirement precludes intervention of right. *Id.* Here, even setting aside timeliness,[1] McGillvary lacks any interest relating to the "transaction" at issue in Hazlewood's case (his reputation) and cannot show that any of his interests will be impaired if he isn't allowed to intervene.

---

[1] There is substantial reason to conclude McGillvary's delay makes his motion untimely based on the length of the delay and prejudice to existing parties along—"the most important consideration." *E.g.*, *Rotstain v. Mendez*, 986 F.3d 931, 937–38 (5th Cir. 2021). The parties have already engaged in substantial discovery and, if McGillvary is allowed to intervene, "the existing parties would face a second round of fact discovery, significantly increasing litigation costs." *Id.* at 938.

First, only interests that are direct, substantial, and legally protectable give rise to intervention as of right. *Tex. v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). This "inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way. *Id*. And "an intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely prefers one outcome to the other." *Id*.

Here, McGillvary's only interest in the suit is a generalized one. McGillvary has no interest in the interest of this suit—Hazelwood's reputation. While each claim touches on the Film, no substantive overlap exists between the fact patterns. And without substantial overlap of the facts, McGillvray alleges nothing more than similarly titled causes of action, which cannot justify intervention as of right. *See SEC v. Stanford Int'l Bank, Ltd.*, 429 Fed. Appx. 379, 381–82 (5th Cir. 2011) (holding that a condominium association could not intervene in the SEC's enforcement action against a Ponzi scheme because, although both sets of claims involved some of the same companies, the association's claims did not relate to the property or transactions subject to receivership). While McGillvary may prefer Hazlewood prevail in the case, and may want to assist in that effort to bolster his own lawsuit against Netflix, McGillvary's generalized interest doesn't justify intervention.

Second, there is no merit to McGillvary's argument that Hazlewood's suit will impair or impede his interests. The outcome of Hazlewood's defamation and invasion-of-privacy claims do not affect McGillvary's own claims against Netflix. *See* Dkt. No. 27 at 13 (Page 2 of the Motion to Intervene). A finding that the Film isn't defamatory as to Hazlewood, for example, wouldn't decide anything as to McGillvary: they are not in privity; and no fact found about Hazlewood's appearance in the Film or his reputation bears on McGillvary. *E.g., Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th

Cir. 2023) (outlining the elements of claim preclusion). McGillvary therefore has no right to intervene here.

## II. Because McGillvary's Intervention Would Cause Undue Delay and Prejudice to Litigate Claims that Share No Common Questions of Law or Fact with This Action, Permissive Joinder Would Be Improper.

"Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1250 (11th Cir. 2002). McGillvary made none of these showings.

To begin, McGillvary has not articulated a claim that shares a question of law or fact with Hazlewood's action. This action centers on Hazlewood's appearance in the Film and whether that appearance has any actionable effect on his reputation. But as already shown above, whether the Film defames Hazlewood says nothing about whether the Film also defames McGillvary. That both sets of claims concern the same Film is immaterial. *E.g.*, *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (holding that a wrongful-death plaintiff could not permissively intervene in a declaratory judgment action an insurer filed against the wrongful-death defendant, even though the facts in the coverage suit concerned the underlying wrongful death case).

Second, and as also shown above, permitting McGillvary to intervene now would unduly delay the proceedings and prejudice the parties. McGillvary's intervention here would require a continuance so that the parties could engage in a new round of written discovery and depositions, and on issues that would never otherwise be in this case (such as whether McGillvary murdered Joseph Galfy in New Jersey). Indeed, prejudice alone is enough to deny intervention here. *See Rotstain*, 986 F.3d at 937–38.

## CONCLUSION

McGillvary has shown no reason to grant intervention. To the contrary, his motion and proposed complaint in intervention show why he shouldn't be allowed to intervene. McGillvary's intervention is untimely. McGillvary's claims show he has no specific interest in the transaction at the heart of this case (Hazlewood's appearance in the Film). McGillvary's interest is instead a general one that isn't cognizable for intervention as of right. McGillvary also cannot show that this case will impact his claims or defenses in any way. And the overlap is so insubstantial between Hazlewood's claims and McGillvary's that even permissive intervention would be impermissible here. Add to all that the substantial prejudice that granting intervention would impose on Hazlewood and Netflix (the substantial delay and expense of enduring McGillvary's claims), and the outcome is clear: McGillvary's intervention is improper. His motion should therefore be denied.

Date: March 12, 2024

Respectfully submitted,

*/s/Joshua J. Bennett*
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterarnett.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterarnett.com
Joshua J. Bennett
Texas Bar No. 24059444
jbennett@carterarnett.com
Monica Litle Goff
Texas Bar No. 24102101
mgoff@carterarnett.com
**CARTER ARNETT BENNETT & PEREZ PLLC**
8150 N. Central Expy, Suite 500
Dallas, Texas 75206
Telephone: 214-550-8188
Facsimile: 214-550-8185

**COUNSEL FOR NETFLIX, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on March 12, 2024, Netflix served a copy of this response on Hazlewood's counsel through the Court's ECF system. Netflix also served a copy of its response on movant by first-class United States mail as follows:

> Caleb L. McGillvary, Pro se
> #1222665/SBI#l02317G NJSP
> PO Box 861 Trenton, NJ 08625-0861

*/s/ Joshua J. Bennett*
Joshua J. Bennett
