IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR HAZLEWOOD, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-1109-N |
| NETFLIX, INC. | § § | |
| Defendant. | § § | |

# ORDER

This Order addresses Proposed Intervenor Caleb McGillvary's motion to intervene [27] in the present proceeding between Plaintiff Taylor Hazlewood and Defendant Netflix, Inc. ("Netflix"). The Court denies the motion.

In the present proceeding, Hazlewood asserts defamation and related claims against Netflix for allegedly using his image in a defamatory way in connection with its film, *The Hatchet-Wielding Hitchhiker* (the "Film"). Pl.'s Amended Complaint [25]. McGillvary moves to intervene, arguing that he has also been defamed by the Film. Intervenor's Motion at 5–6 [27].

To intervene as of right, a proposed intervenor must have "an interest relating to the property or transaction which is the subject of the action." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 542–43 (5th Cir. 2022). The moving party must also be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). McGillvary cannot intervene as of right because he has

ORDER — PAGE 1

no interest in the subject of the present suit, which is Hazlewood's reputation and likeness. The present suit between Hazlewood and Netflix concerns Netflix's allegedly improper use of Hazlewood's image and the alleged resulting harm to Hazlewood's reputation. McGillvary's asserted interest in his motion to intervene is in his own image and reputation, not Hazlewood's. A verdict in the present case will determine only whether the Film is defamatory to Hazlewood, not McGillvary. Accordingly, no decision made in the present case will affect McGillvary's ability to protect his own interests in any separate litigation he may choose to pursue against Netflix. Thus, McGillvary may not intervene as of right.

A district court may permit intervention if the applicant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B); *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021). McGillvary's claims here do not share a sufficient question of fact or law with the present proceeding so as to warrant intervention. While the allegedly defamatory film is the same, that is where the similarities end. McGillvary asserts that different parts of the Film defame him than Hazlewood asserts, and the Film being found to be defamatory toward one party will have no bearing on whether it defames the other. There are not sufficient common questions of law or fact between the two cases. Thus, McGillvary may not intervene permissively.

Accordingly, the Court denies McGillvary's motion to intervene.

Signed April 29, 2024.

_____
David C. Godbey
Chief United States District Judge

ORDER — PAGE 2